United States District Court
Southern District of Texas
ENTERED

JUN 1 7 2009

Michael N. Milby, Clerk of Court
By Deputy Clerk ⎯⎯⎯⎯

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-09-143 |
| | § | Crim. Action No. B-08-455-1 |
| JOSE SANTOS HERNANDEZ-MUNIZ, | § | |
| Defendant. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Jose Santos Hernandez-Muniz ("Hernandez-Muniz") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 with the Court on June 15, 2005. (Civil Action No. B-09-143, Docket No. 1). His request for relief should be DENIED without prejudice to re-filing for the reasons explained below.

## BACKGROUND

Hernandez-Muniz pleaded guilty to United States District Judge Andrew S. Hanen on June 3, 2008 to charges of transporting an alien within the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(A)(v)(II), and being an alien unlawfully found in the United States after deportation, having been previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b). (*See* Crim. Action No. B-08-455-1, Docket No. 57). On February 18, 2009, the district court sentenced Hernandez-Muniz to 65 months in the custody of the Bureau of Prisons and three years of supervised release without supervision. (*See* Docket No. 62). Judgment was entered on this sentence on March 4, 2009. (Docket No. 53). Hernandez-Muniz filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit on February 23, 2009 contesting the judgment of conviction and sentence imposed by the district court. (Docket No. 49). His direct appeal is still pending before the Fifth Circuit.

## DISCUSSION

"A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot." *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds by United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988); *see Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972); *United States v. Peralta-Soto*, C.A. No. C-08-360, 2008 WL 1232267, at *6 (S.D. Tex. May 4, 2009). In such a situation, the defendant's § 2255 motion should be dismissed without prejudice to refiling after resolution of the direct appeal. *See, e.g., United States v. Fantozzi*, 90 Fed. Appx. 73, 74 (5th Cir. 2004). A defendant's whose § 2255 motion is dismissed as premature may re-file, if necessary, his § 2255 motion within one year of the date his judgment of conviction becomes final, or within one year of any of the other events identified in 28 U.S.C. § 2255(f). *See, e.g., United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009) (holding that a conviction is final when it is affirmed by the Fifth Circuit on the merits on direct review, when a petition for writ of certiorari to the Supreme Court of the United States is denied, or the time for filing a certiorari expires).

## RECOMMENDATION

A thorough review of all the files, records, transcripts and docket sheets relating to the judgment being challenged conclusively shows that Hernandez-Muniz's § 2255 has been filed during the pendency of his direct appeal of his conviction and sentence. As his direct appeal may render his § 2255 motion moot, the Court RECOMMENDS that Hernandez-Muniz's Motion to Vacate,

Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED without prejudice to later re-filing.[1]

## CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a defendant may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a), (c)(1). A defendant may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). To satisfy this standard, a defendant must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. *Id.* at 327; *Moreno v. Dretke,* 450 F.3d 158, 163 (5th Cir. 2006). A district court may *sua sponte* rule on a COA because the court that denies relief to a movant is in the best position to determine whether the movant has made a substantial showing of a denial of a constitutional right on the issues before the court. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir.2000).

After reviewing the timing of Muniz's § 2255 motion, the pendency of his direct appeal, and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Muniz's § 2255 motion raises an important issue that the Court has carefully considered, he fails to make a "substantial showing of the denial of a

---

[1] Hernandez-Muniz's § 2255 motion appears to assert that his conviction pursuant to 8 U.S.C. § 1326(a) and (b) was improper because he had never been previously deported from the United States, which was an element of the charge. During his rearraignment, the Assistant United States Attorney read Hernandez-Muniz the factual summary supporting his guilt on the charges. (Docket No. 57 at 15-17). This summary included the assertion that he had been previously excluded, deported, or removed in 2007. (Docket No 57 at 15-17). Hernandez-Muniz responded that he had been deported in 2004, not 2007, but otherwise did not object to the fact that he had previously been deported from the United States. (*Id.* at 17). It is therefore unclear how Hernandez-Muniz intends to support the ground of relief asserted in his § 2255 motion.

constitutional right." § 2253(c)(2). Accordingly, the Court RECOMMENDS that a COA should be denied.

## NOTICE TO PARTIES

Unless a party files written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy, the party is barred, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that these consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Signed, this the 17th day of June, 2009.

Ronald G. Morgan
United States Magistrate Judge